**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1801-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

T.J.D., JR.,[1]

    Defendant-Appellant.

_____

Submitted April 30, 2024 – Decided May 14, 2024

Before Judges Mayer and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 07-03-0576.

T.J.D., Jr., appellant pro se.

LaChia L. Bradshaw, Burlington County Prosecutor, attorney (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] We use initials to identify defendant to protect the victims' privacy. See R. 1:38-3(c)(12).

Defendant T.J.D. appeals from a January 11, 2023 order denying his motion to correct an alleged illegal sentence. We affirm.

The relevant facts were previously recounted in our decision on defendant's direct appeal, State v. T.J.D. (T.J.D. I), No. A-0041-10 (App. Div. Oct. 11, 2012) (slip op. at 2-7). Defendant again challenges the imposition of a forty-nine-year sentence, with an eighty-five percent parole disqualifier, for six counts of various sexual assault offenses and two counts of endangering the welfare of a child involving his two minor children, along with additional counts for resisting arrest and aggravated assault stemming from his arrest.

We briefly summarize the salient facts material to the appeal before us.

In his direct appeal from the May 3, 2010 judgment of conviction, defendant argued in pertinent part, "the imposition of five consecutive near maximum sentences was manifestly excessive and unduly punitive." We affirmed defendant's conviction and sentence and remanded solely for entry of a corrected judgment of conviction to accurately reflect the sentencing judge's findings of aggravating factors. Id. at 29-30.

In May 2013, defendant filed a pro se petition for post-conviction relief, asserting ineffective assistance of counsel. This petition was denied on June 17,

2014. We affirmed this denial[2], and the New Jersey Supreme Court denied defendant's subsequent petition for certification. State v. T.J.D., 235 N.J. 381 (2018).

In June 2018, defendant submitted his second petition for PCR based on claims of ineffective assistance of PCR counsel and PCR appellate counsel. This second PCR petition was denied on August 1, 2018.

Defendant filed a motion to correct an illegal sentence pursuant to Rule 3:21-10(b) and Rule 3:22-12 in March 2022. The motion was denied on January 11, 2023, and this appeal followed.

Defendant raises the following issue for our consideration:

> THE IMPOSITION OF FIVE CONSECUTIVE NEAR-MAXIMUM SENTENCES WAS MANIFESTLY EXCESSIVE AND UNDULY PUNITIVE.

Defendant renews his contention that the sentencing judge erred in imposing five consecutive sentences and did not provide a statement of reasons explaining each "near maximum" sentence. Defendant reasserts that the sentencing judge improperly imposed consecutive sentences in violation of State v. Yarbough, 100 N.J. 627, 644-45 (1985), and further contends the sentencing

---

[2] State v. T.J.D. (T.J.D. II), No. A-0267-14 (App. Div. June 14, 2017) (slip op. at 8).

judge erred by "misappl[ying] [the] distinction against merger to support consecutive sentences not otherwise supported by the record in this case." Defendant, citing State v. Miller, 108 N.J. 112 (1987),[3] argues although our Supreme Court "recognized that sex offenses and endangering protect different interests," the Court "did not state or imply that the rejection of merger of these offenses operated automatically to justify consecutive sentences." Additionally, defendant renews the same argument that the sentencing judge failed to consider the mitigating factors. As a result, defendant asserts he is entitled to be resentenced. We disagree.

We apply a de novo review of motions to modify sentencing decisions pursuant to Rule 3:21-10(b) if the issue on appeal is whether the judge applied the correct legal standard. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). If the appeal challenges whether the facts presented to the sentencing judge are sufficient to warrant relief under Rule 3:21-10(b), we apply an abuse of discretion standard. State v. Arroyo-Nunez, 470 N.J. Super. 351, 376 (App. Div. 2022).

---

[3] Defendant also relies on State v. P.S., 202 N.J. 232, 247 (2010). However, his reliance on that case is misplaced, as the Supreme Court did not address the Appellate Division's decision to remand for resentencing of the consecutive sentences.

Rule 3:21-10 provides, in relevant part, that a motion to reduce or change a sentence may be made at any time to "correct[] a sentence not authorized by law including the Code of Criminal Justice." R. 3:21-10(b)(5). Further, Rule 3:22-2(c) permits a defendant to seek post-conviction relief from an illegal sentence when,

> [i]mposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5).

Here, defendant challenges the legality of his sentence by reasserting many of the same arguments proffered and rejected on direct appeal. Defendant offers no new information or legal support warranting re-litigation of these issues. Further, defendant's contentions regarding his sentence focus on the findings of the sentencing judge rather than the findings by the motion judge who denied the application to modify or correct defendant's sentence. We discern no error in the motion judge's decision denying modification of defendant's sentence because the "[t]he Appellate decision [had] . . . affirmed the trial court[']s basis for imposing consecutive sentences and did not find that they were excessive, unduly punitive, represent an abuse of discretion nor shock

5

the judicial conscience."  Thus, there is no basis for us to re-examine these previously adjudicated issues.

In this appeal, defendant reiterates his contention that the sentencing judge failed to provide adequate reasoning supporting the imposition of consecutive "near maximum" sentences, which we rejected because the sentencing judge "provided sufficient reasons for imposing these sentences."  T.J.D. I, slip op. at 28.  Defendant also renews the argument the sentencing judge erred by "refus[ing] to consider mitigating factors clear from the record below."  We previously rejected this argument, stating a "sentencing judge must find and consider mitigating factors only when they are 'amply based in the record.'"  Id. at 27 (quoting State v. Dalziel, 182 N.J. 494, 504 (2005)).  While defendant then, as he does now, restated "various personal difficulties and problems he has experienced," we explained "this information did not provide a sufficient basis for finding any mitigating factors."  Ibid.

Defendant reargues Miller to support his contention the sentencing judge erred in imposing consecutive sentences.  We stated this argument was unavailing because the sentencing judge's "decision to impose consecutive sentences for the sexual offenses and endangering was consistent with Miller, 108 N.J. 112 (1987) (citation reformatted)," which "held that convictions for

aggravated sexual assault and endangering the welfare of a child do not merge and may warrant the imposition of consecutive sentences." Id. at 28 (citing Miller, 108 N.J. at 120-21).

As the motion judge properly concluded, these issues were fully and fairly adjudicated on direct appeal. Nothing in the record suggests that the motion judge's decision declining to re-examine these issues was inequitable or contrary to the interests of justice.

For the first time on appeal, defendant argues the requirement to serve the parole ineligibility portion of the sentences first, "followed by [twenty-two] years of consecutive flat terms," requires defendant to serve the "maximum time on the [twenty-two]-year flat terms." Defendant further asserts the impact of this sentence is "akin to the discretionary imposition of an additional period of parole ineligibility," State v. Ellis, 346 N.J. Super. 583, 597 (App. Div. 2002), and is "unsupported by the record below." Defendant failed to present this argument to the motion judge. Therefore, this is not properly before us, and we decline to address it. See State v. Holland, 423 N.J. Super. 309, 319 (App. Div. 2011) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

A-1801-22

Defendant offers no meritorious basis for us to conclude that his sentences were not "authorized by law including the Code of Criminal Justice," to establish a cognizable claim under Rule 3:21-10(b)(5).

To the extent that we have not expressly addressed any remaining issues raised by defendant, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8