**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2947-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL ARENA,

    Defendant-Appellant.

_____

Submitted September 8, 2025 – Decided October 1, 2025

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 23-08-0945.

Kessous Law Group, LLC, attorney for appellant (Jonathan A. Kessous, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (William P. Cooper-Daub, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Michael Arena appeals from a sentencing order imposing consecutive sentences after his guilty plea to reckless vehicular homicide, N.J.S.A. 2C:11-5(a), knowingly leaving the scene of an accident resulting in death, N.J.S.A. 2C:11-5.1 and leaving the scene of an accident involving personal injury, N.J.S.A. 39:4-129(a). Defendant contends the imposition of consecutive sentences was unconstitutional under principles of double jeopardy, due process, and fundamental fairness and further contends the trial court abused its discretion in the sequencing and length of the sentences. After our review of the record and application of the relevant legal principles, we affirm.

I.

In July 2023, defendant was the driver of an automobile which struck and killed a fourteen-year-old victim in South River and fled the scene. Defendant was later identified and apprehended after police reviewed video surveillance and obtained witness accounts of the incident. Pursuant to a plea agreement, defendant pled guilty to the offenses indicated above. During the plea hearing, the court confirmed defendant had reviewed the plea forms with his attorney and that he understood the sentence the State would recommend, including its request for the consecutive flat sentence for his guilty plea to leaving the scene of an accident resulting in death to run first before serving his No Early Release

Act, N.J.S.A. 2C:43-7.2 ("NERA"), sentence for the reckless vehicular homicide.

Defense counsel also confirmed with defendant on the record that defendant knew he was waiving the right to make "various motions" in order to enter a guilty plea and that nobody had compelled him to waive these rights. Defendant then placed a factual basis on the record for the plea, and the judge accepted his guilty plea. The plea form indicated that that State would "ask that the defendant serve his flat sentence first" with defendant reserving "the right to argue at sentencing for a lesser sentence than that which is recommended by the state" and to ask, "that the NERA sentence run first."

After the plea, but prior to sentencing, defendant asserts the State submitted a video of defendant operating a vehicle and honking and cursing at another driver and permitted the State to play the video at the sentencing over defense counsel's written objection. Defendant also alleges at sentencing, the State presented other improper evidence including videos of interviews with witnesses from body worn camera footage and neighborhood impact statements.

After considering the aggravating and mitigating factors, the trial court sentenced defendant to ten years imprisonment for leaving the scene charge to

3

be served first, followed by a consecutive five-year sentence, with 85% parole ineligibility per NERA for the reckless vehicular homicide.

On appeal, defendant raises the following points:

[POINT] I

APPELLANT SHOULD HAVE BEEN SENTENCED TO A CONCURRENT SENTE[N]CE AS N.J.S.A. 2C:11-5.1 AS WELL AS ANY CONSEC[UT]IVE SENTENCE IS UNCONSTITUTIONAL AS A VIOLATION OF DUE PROCESS AND FUND[A]MENTAL FAIRNESS AS IT RELATES TO THE SPEC[I]FIC FACTS AND CIRCUMSTANCES SURROUNDING THIS MATTER.

[POINT] II

ALTERNATIV[E]LY, THE COURT BELOW ABUSED ITS DISCRETION AS IT SENTENCED [DEFENDANT'S] MORE RESTRICTIVE SENTENCE SUBSEQUENT TO THE LESS RESTRICTIVE WHICH WILL RESULT IN SUBSANTIALLY ADDITIONAL TIME TO BE SERVED DUE TO PAROLE RESTRICTION/UNEQUAL COMMUTATION CREDIT.

Specifically, defendant argues although he pled guilty to leaving the scene of an accident resulting in death and reckless vehicular homicide; that the manner of leaving the scene was the reckless action, and in the doing so, he struck the victim fatally. He asserts under these circumstances, both crimes were premised on the same action for which defendant pled and being sentenced

4

consecutively for both sentences would run contrary to applicable sentencing principles and frustrate the purpose of N.J.S.A. 2C:11-5.1. Defendant posits that such a sentence "as purportedly required under the [s]tatute is unconstitutional both federally and [under] the New Jersey Constitution as a violation of Due Process/Double Jeopardy as well as fundamental fairness principles [as] two separate punishments for a single act."

## II.

The double-jeopardy clauses of the federal and New Jersey Constitutions provide that no person shall be tried twice for the same criminal offense. U.S. Const. amend. V; N.J. Const. art. I, ¶ 11. The Supreme Court of New Jersey "has consistently interpreted the State Constitution's double-jeopardy protection as coextensive with the guarantee of the federal Constitution." State v. Miles, 229 N.J. 83, 92 (2017). "The Double Jeopardy Clause contains three protections for defendants. It protects against (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" Ibid. (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). In examining the first two protections, we review "whether the second prosecution is for the same offense

5                                                                    A-2947-23

involved in the first." Id. at 93 (quoting State v. Yoskowitz, 116 N.J. 679, 689 (1989)).

In 2017, our Supreme Court adopted the same-elements test as "the sole double-jeopardy analysis . . . ." Id. at 96. The same-elements test involves a review of whether the statutes at issue require proof of identical elements. Id. at 93 (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). Thus, courts evaluating a double jeopardy claim must ask "whether the second prosecution is for the same offense involved in the first." Id. at 93 (quoting State v. Yoskowitz, 116 N.J. 679, 689 (1989)).

Sentencing decisions are reviewed under a deferential standard and may be overturned only if the sentencing guidelines are violated, findings are unsupported, or the result shocks the judicial conscience. See State v. Grate, 220 N.J. 317, 337 (2015); State v. Pierce, 188 N.J. 155, 169-70 (2006).

In addition, Rule 3:10-2(c) requires the defense of double jeopardy to be raised before trial. See State v. Allah, 170 N.J. 269, 282 (2002) (explaining the "plain language of the [r]ule provides that the defense of double jeopardy must be raised by motion before trial and that the failure to present the defense constitutes a waiver"). Rule 3:10-2(c) allows for relief from the waiver provision if defendant can demonstrate good cause. See, e.g., State v. Del Fino,

100 N.J. 154, 161 (1985) (explaining a successful showing of good cause depends on the circumstances surrounding the delay and the merits of the underlying assertion).

We first address the requirements of Rule 3:10-2(c) under the factual setting before us, and conclude defendant waived his double jeopardy claim by not raising it prior to his plea. As pointed out by the State, defendant had notice before entering his guilty plea that the pertinent statutes mandated consecutive sentences and should have raised any double-jeopardy argument before the plea hearing.

The record shows the State sought to confirm that defendant wished to go forward with sentencing under the terms of the plea agreement or whether he wanted to withdraw the plea and go to trial. Thereafter, defendant proceeded with the sentencing without making any attempt to withdraw his plea despite having the notice and opportunity to raise the constitutional double jeopardy issue. Based on these factual circumstances, we conclude defendant has failed to show good cause for not raising this argument prior to his plea.

Even if we consider defendant's waiver insufficient, we reject his contention that the consecutive sentencing requirement of N.J.S.A. 2C:11-5.1 is unconstitutional as applied to the factual circumstances herein.

7

A court's "primary goal when interpreting a statute is to determine and carry out the Legislature's intent." In re Kollman, 210 N.J. 557, 568 (2012); see also Borough of Englewood Cliffs v. Trautner, 260 N.J. 410, 419-20 (2025). The "best indicator of legislative intent is 'the plain language chosen by the Legislature.'" State v. Perry, 439 N.J. Super. 514, 523 (App. Div. 2015) (quoting State v. Gandhi, 201 N.J. 161, 176 (2010)); see also In re Proposed Constr. of Compressor Station (CS327), 258 N.J. 312, 324 (2024). Therefore, in interpreting a statute, we first examine the statute's plain language. Fuster v. Twp. of Chatham, 259 N.J. 533, 547 (2025). Statutes must be given their "ordinary and common-sense meaning." Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014); see also Crisitello v. St. Theresa Sch., 255 N.J. 200, 219 (2023). "If the language is clear, the court's job is complete." In re D.J.B., 216 N.J. 433, 440 (2014) (citing Kollman, 210 N.J. at 568).

N.J.S.A. 2C:11-5.1, defining the offense of knowingly leaving the scene of an accident resulting in death, specifically states:

> Notwithstanding the provisions of N.J.S.2C:1-8 [(the merger statute)] or any other provisions of law, a conviction arising under this section shall not merge with a conviction for aggravated manslaughter under the provisions of N.J.S.2C:11-4, reckless vehicular homicide under the provisions of N.J.S.2C:11-5 or

strict liability vehicular homicide under the provisions of section 1 of P.L.2017, c.165 (C.2C:11-5.3) and a separate sentence shall be imposed upon each such conviction.

Notwithstanding the provisions of N.J.S.2C:44-5 or any other provisions of law, when the court imposes multiple sentences of imprisonment for more than one offense, those sentences shall run consecutively.

[N.J.S.A. 2C:11-5.1 (emphasis added).]

The statute explicitly provides that convictions for leaving the scene of an accident resulting in death shall not merge with reckless vehicular homicide and that sentences for such offenses shall run consecutively. Here, we conclude the legislative intent is both clear and dispositive under our double jeopardy principles.

In addition, we further conclude the two crimes in question require proof of distinct elements. Reckless vehicular homicide requires recklessness when causing a death while driving, whereas leaving the scene resulting in death requires knowingly departing the scene of a fatal accident in violation of statutory obligations, regardless of cause. The two statutes address different societal harms—one for causing a death through recklessness in the operation of a motor vehicle and the other for leaving the scene of the accident, failing to render aid to the victim or report the accident regardless of whether the driver

9

was reckless. We conclude the imposition of consecutive sentences under these circumstances is constitutional and does not violate double jeopardy principles or due process under the same elements test.

We turn now to defendant's contentions the trial court abused its discretion by the admission of unrelated, prejudicial evidence at sentencing, the failure to find certain mitigating factors, and the improper sequencing of sentences. A review of the record and the trial court's specific findings lead us to conclude otherwise.

We reiterate that sentencing courts have broad discretion in the evidence it may consider in invoking a sentence. See N.J.R.E. 101 (a)(3)(C) (permitting the relaxation of the rules of evidence at sentencing). Here, neither the plea nor sentencing records contain any indication that the improper evidence as asserted by defendant was presented at any of these proceedings. The record before us is also absent of any evidence showing the court considered or relied upon the challenged evidence since it failed to reference this alleged evidence in its sentencing findings. Based on these conclusions, the court did not abuse its discretion.

We further conclude the court's consideration of defendant's motor vehicle prior offense history was appropriate and not an abuse of discretion. A record

of prior motor vehicle violations are relevant factors in sentencing a defendant who has committed another significant motor vehicle violation. See State v. Moran, 202 N.J. 311, 329 (2010) (stating that a court in sentencing a defendant should consider "the nature and circumstances of the defendant's conduct, including whether the conduct posed a high risk of danger to the public or caused physical harm or property damage; the defendant's driving record . . . and the number, seriousness, and frequency of prior infractions . . . ."). The court's consideration of defendant's prior record was appropriate.

Concerning defendant's assertion that the court misapplied the aggravating and mitigating factors under N.J.S.A. 2C:44-1, we conclude the court's oral findings exhibit a thorough consideration of all proposed aggravating and mitigating factors under the statute, including clear explanations for rejecting mitigating factors two, seven, eight, and eleven. The judge properly found only mitigating factor nine applicable and balanced it against the extensive aggravating factors including prior criminal history, violations of probation, and repeat offenses. We conclude substantial evidence exists in the record supporting the court's findings and analysis of the sentencing factors which clearly demonstrate the sentence imposed on defendant was not an abuse of discretion.

A-2947-23

Finally, we turn to defendant's contention that the court's sequencing of sentences was error. Defendant specifically contends that the count of reckless vehicular homicide charge under N.J.S.A. 2C:11-5(a), because it was subject to NERA, was required to be served prior to the knowingly leaving the scene of an accident resulting in death charge under N.J.S.A. 2C:11-5.1.

Our case law provides the following guidance. A court that directs a less restrictive sentence to be served prior to a more restrictive sentence must make specific findings on the record to support its sequencing, including the consequences of such a sequence. See State v. Ellis, 346 N.J. Super. 583, 597 (App. Div. 2002). We have previously concluded consecutive sentences are statutorily mandated in this instance. We further note:

> The goal of consecutive sentences is to incarcerate a defendant for a greater period of time than would result from a concurrent sentence. Here, the sentence imposed [requiring the less restrictive sentence be served prior to the more restrictive sentence] achieves that goal, and it can be argued persuasively that requiring the more restrictive sentence to be served first would not have achieved that goal.
>
> [Id. at 594].

Applying these principles to the sequencing of sentences in the matter before us, we conclude the judge provided specific, detailed reasons for the consecutive sentencing sequence—namely, to avoid a sentence which would

have provided defendant a "free crime;" to invoke an appropriate sentence considering the seriousness of each offense charged; to avoid a sentence which would be a trivial punishment based on defendant's actions; and to sentence defendant based on defendant's actions in the same chronology as the conduct which he pled guilty to committing. We conclude the trial court did not abuse its discretion as it provided detailed reasons supporting its sequencing of sentences which was rationally based and amply supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13                                                                      A-2947-23