AFTER REMAND FROM THE SUPREME COURT OF THE UNITED STATES

McMILLAN, Judge.
The appellee, Richard Cole Leighton, was indicted on a charge of possessing a pistol after having been convicted of a crime of violence, a violation of § 13A-ll-72(a), Code of Alabama 1975. Thereafter, he moved to dismiss the indictment on the ground of double jeopardy, based upon his prior entry of a guilty plea to a charge of carrying a pistol without a permit, a violation of § 13A-11-73, Code of Alabama 1975. The trial court, on the authority of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), granted the motion and dismissed the indictment. The Court of Criminal Appeals affirmed the trial court’s dismissal in an unpublished memorandum, and the Alabama Supreme Court, after having granted certio-rari review, quashed its writ. However, the United States Supreme Court granted the State’s petition for certiorari review and vacated this Court’s affirmance in Alabama v. Leighton, — U.S.—, 113 S.Ct. 3027, 125 L.Ed.2d 715 (1993). This cause was remanded for further consideration in light of the Supreme Court’s recent decision in United States v. Dixon, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
In Dixon, the Supreme Court reiterated the principle that the double jeopardy bar applies if the two offenses for which a defendant cannot survive the “same elements” test or the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Court then specifically overruled the requirement that the offenses must also meet the “same conduct” test which had been set out in Grady v. Corbin, supra. The Court found that Grady was inconsistent with precedential case law and with the common law understanding of double jeopardy. In light of Dixon, the present case must be examined to determine whether it survives the test set out in Block-burger.
The Blockburger test provides that if each offense with which a defendant is charged requires proof of some additional fact that the other does not, then the offenses are separate offenses for the purpose of a double jeopardy determination and the defendant may be tried for each offense. In the present case, in order to prove a violation of § 13A-11-73, Code of Alabama 1975, the prosecutor was required to show that the defendant did not have a license to carry a pistol. In order to prove a violation of '§ 13A-ll-72(a), Code of Alabama 1975, the prosecutor was required to show that the defendant had previously been convicted of a crime of violence. Thus, each offense required proof of a fact that the other did not. Because the Blockburger test was satisfied, the appellee’s ease should not have been dismissed.
For the reasons set out above, the judgement of the trial court dismissing the indictment is due to be, and it is hereby, reversed. This cause is remanded to the Circuit Court of Cherokee County for trial.
REVERSED AND REMANDED.
All Judges concur.