**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2768-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAJHON H. RICHARDSON,
a/k/a RAJON RICHARDSON,
RAJOHN RICHARDSON, and
RASHON RICHARDSON,

     Defendant-Appellant.

_____

Submitted September 24, 2019 – Decided October 10, 2019

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-03-0217.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Valeria Dominguez, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant appeals from his conviction for first-degree carjacking under N.J.S.A. 2C:15-2. We affirm.

## I.

On September 8, 2015, defendant confronted D.C.[1] at gunpoint in Elizabeth, demanding he exit his Dodge truck. Defendant searched D.C., took his cell phone and wallet, and drove away with his truck. D.C. called the police and reported the carjacking.

About one hour later, defendant rear-ended J.G.'s vehicle in Woodbridge while driving D.C.'s truck. When J.G. exited his vehicle, defendant told him not to call the police because defendant carjacked the truck he was driving, had a "burner" on him, which J.G. understood was a gun, and was high. Nonetheless, J.G. fled and called the police.

Woodbridge police officers responded to J.G.'s call and went to the accident scene. They found defendant inside D.C.'s truck and arrested him. After conducting a search of defendant, the officers found D.C.'s driver's license, credit cards, and an imitation gun. At the police station, the officers also found drugs on defendant.

---

[1] We use initials to protect the confidentiality of the victims. R. 1:38-3(d)(9).

A-2768-17T3

The Elizabeth police department learned of the accident involving D.C.'s truck and defendant's arrest in Woodbridge that night and consulted with the Woodbridge police department about the arrest. An Elizabeth police officer went to the Woodbridge police department the evening of November 24, 2015, to charge defendant with carjacking and robbery arising out of the incident involving D.C.

On December 29, 2015, a Middlesex County Grand Jury returned Indictment No. 16-12-1516 charging defendant with possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); terroristic threats, N.J.S.A. 2C:12-3(b); and possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e).

On February 29, 2016, defendant pled guilty to third-degree possession of a CDS, fourth-degree possession of an imitation firearm for an unlawful purpose, and several motor vehicle violations. On July 29, 2016, defendant was sentenced to three-years of non-custodial probation on the Middlesex County charges.

Similar proceedings ensued in Union County. On March 17, 2016, a Union County Grand Jury returned Indictment No. 16-03-0217, charging defendant with: first-degree carjacking, N.J.S.A. 2C:15-2 (count one); first-

degree robbery, N.J.S.A. 2C:15-1 (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four).

On February 27, 2017, defendant moved before Judge Regina Caulfield to dismiss Union County Indictment No. 16-03-0217, arguing a violation of the mandatory joinder rule under N.J.S.A. 2C:1-8(b) and Rule 3:15-1(b). In an oral opinion rendered on March 3, 2017, the judge denied the motion finding defendant's Union and Middlesex County offenses did not "[arise] from the same episode" so as to "trigger mandatory joinder." The judge concluded, "the offenses are factually different in time, place, victim and the manner in which the offenses were committed." The Middlesex County offenses arose from a "car accident" while the Union County offenses arose from a "carjacking" and robbery.

On November 13, 2017, following the denial of his request for a Wade[2] hearing, defendant pled guilty to first-degree carjacking (count one), in exchange for the State's recommendation that the remaining counts be

---

[2] United States v. Wade, 388 U.S. 218 (1967).

dismissed, and defendant serve a custodial sentence of twelve years, with an eighty-five percent period of parole ineligibility.

On January 26, 2018, the sentencing judge imposed a ten-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On appeal, defendant argues the following point:

POINT I

BECAUSE THE UNION COUNTY PROSECUTION WAS BARRED BY DEFENDANT'S MIDDLESEX COUNTY CONVICTIONS FOR OFFENSES ARISING OUT OF THE SAME, CONTINUOUS INCIDENT, THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS THE UNION COUNTY INDICTMENT.

II.

We reject defendant's argument that the judge misapplied the mandatory joinder rule and therefore erred by denying his motion to dismiss the Union County Indictment. We review de novo the judge's ruling denying the motion. See State v. Williams, 172 N.J. 361, 368-72 (2002).

Defendant's contention that the Union and Middlesex offenses should have been joined together involves consideration of a statute and court rule. Both N.J.S.A. 2C:1-8(b) and Rule 3:15-1(b) provide in pertinent part that,

A-2768-17T3

a defendant shall not be subject to separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction and venue of a single court.

Accordingly, the application of N.J.S.A. 2C:1-8(b) and Rule 3:15-1(b) is the same. State v. Catanoso, 269 N.J. Super. 246, 272 (App. Div. 1993). In State v. Yoskowitz, 116 N.J. 679, 701 (1989), our Supreme Court set forth the following criteria that a defendant must satisfy to invoke the mandatory joinder rule:

(1) the multiple offenses are criminal;

(2) the offenses are based on the same conduct or arose from the same episode;

(3) the appropriate prosecuting officer knew of the offenses at the time the first trial commenced; and

(4) the offenses were within the jurisdiction and venue of a single court.

Here, the State does not dispute that defendant satisfied prongs one and three of this analysis. Under prong one, defendant was clearly charged with crimes and under prong three, the prosecuting officer knew of the offenses because defendant was served with the Union County complaint while he was under arrest at the Woodbridge police department.

Courts apply a "flexible" approach when determining whether a defendant has satisfied the second prong of the mandatory joinder analysis. Williams, 172 N.J. at 371. Relevant factors include:

> [T]he nature of the offenses, the time and place of each offense, whether the evidence supporting one charge is necessary and/or sufficient to sustain a conviction under another charge, whether one offense is an integral part of the larger scheme, the intent of the accused, and the consequences of the criminal standards transgressed.
>
> [Ibid.]

Courts give "heightened significance" to the "time and place of the offense[s], and whether one offense is part of a larger scheme." Ibid. Where the time, place, and victim are factually distinct, having the same modus operandi for separate crimes does not necessarily make the offenses part of a larger scheme. State v. Pillot, 115 N.J. 558, 567 (1989).

Here, the offenses were clearly not based on the same conduct and did not arise from the same episode. The modus operandi was different in each instance, and there were different victims.

Regarding prong four, Rule 3:14-1(a) provides:

> An offense shall be prosecuted in the county in which it was committed, except that . . . [i]f it is uncertain in which one of [two] or more counties the offense has been committed or if an offense is committed in several

counties prosecution may be had in any of such counties.

Here, defendant's offenses took place in Union and Middlesex Counties, respectively. Defendant's conduct was calculated in the Union County crimes, but there is no evidence to suggest he intended to commit a carjacking in Middlesex County. Moreover, the carjacking and robbery were not part of a larger scheme.

We disagree with defendant's characterization that he threatened J.G. to evade prosecution for the carjacking thereby constituting a larger scheme. Clearly, the offenses were not within the jurisdiction and venue of a single court. The crimes here involved different victims in different locations at different times. We conclude that the mandatory joinder rule did not require one trial, and defendant was not subject to "oppression, harassment, or egregious deprivation" of due process rights as the result of the State's serial prosecutions. Yoskowitz, 116 N.J. at 712.

### III.

Defendant also argues for the first time on appeal that the separate prosecutions here violated the double jeopardy clauses of the United States and New Jersey Constitutions. Generally, we decline to consider issues not raised before the trial court, even constitutional issues, unless they are jurisdictional in

8

nature or substantially implicate the public interest. State v. Galicia, 210 N.J. 364, 383 (2012); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2020). Neither exception is satisfied here. Nevertheless, we address defendant's argument for the sake of completeness.

Defendant's argument is devoid of merit. Both the United States and New Jersey Constitutions provide double jeopardy protections. The United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. Similarly, the New Jersey Constitution provides that "[n]o person shall, after acquittal, be tried for the same offense." N.J. Const. art. I, ¶ 11. New Jersey's double jeopardy protection is interpreted as coextensive with that of the United States Constitution. State v. Miles, 229 N.J. 83, 92 (2017).

The double jeopardy clause provides three protections, including against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Ibid. (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).

The Supreme Court introduced the same-elements test in Blockburger v. United States, 284 U.S. 299 (1932). The test provides that "where the same act

or transaction constitutes a violation of two distinct statutory provisions, the test . . . is whether each provision requires proof of a fact which the other does not." Miles, 229 N.J. at 93 (quoting Blockburger, 284 U.S. at 304). If each statute requires proof that the other does not, the offenses are not the same and the second prosecution may continue. Ibid.

Years later, the Supreme Court introduced the same-evidence test to coexist with the same-elements test in Illinois v. Vitale, 447 U.S. 410 (1980). Under Vitale, a second prosecution could be barred if it relied solely on the same evidence used to prove the first prosecution. 447 U.S. at 421; State v. De Luca, 108 N.J. 98, 107 (1987). Finding the Vitale test unworkable without an exorbitant amount of exceptions, the Supreme Court abandoned the dual test in favor of the same-elements test articulated in Blockburger. Miles, 229 N.J. at 94 (citing United States v. Dixon, 509 U.S. 688, 704 (1993)).

While a majority of states followed suit soon thereafter, this State continued to rely on both the same-elements and same-evidence test until deciding Miles in 2017. Id. at 96 ("We resolve the question of which test applies in our courts by adopting the same-elements test as the sole double-jeopardy analysis, thereby realigning New Jersey law with federal law."). Because the Miles decision applies prospectively to offenses committed after May 16, 2017,

and because the offenses here occurred in 2015 and 2016, both the same-elements and same-evidence tests still apply in the alternative. De Luca, 108 N.J. at 107 ("[W]e conclude that Vitale intended the second 'prong' or test as an alternative to the first.").

Certainly, the Union County prosecution was proper under the same-elements test. The same-elements test addresses whether each provision of the relevant offenses requires proof of a fact that the other does not. Blockburger, 284 U.S. at 304. If each offense requires proof of an additional element absent in the other, the offenses are not the same and the test allows for the second prosecution. Miles, 229 N.J. at 93.

Here, the Union County prosecution was not barred by the same-elements test because the Union County carjacking and robbery require vastly different proofs than the Middlesex County conviction for possession of a CDS and an imitation weapon. Even the Union County possession of a weapon charges, required different elements of proof than the Middlesex weapon charge.[3]

_____

[3] Defendant was convicted in Middlesex County for possession of an imitation firearm for an unlawful purpose, which requires that "[a]ny person who has in his possession an imitation firearm under circumstances that would lead an observer to reasonably believe that it is possessed for an unlawful purpose is guilty of a crime of the fourth degree." N.J.S.A. 2C:39-4(e). In Union County, defendant was charged with unlawful possession of a handgun, requiring that

Therefore, each charged Union County offense required proof of a fact that the Middlesex County charges and convictions did not. As a result, the same-elements test was not a bar to the Union County prosecution.

Similarly, the Union County prosecution was proper under the same-evidence test. The test provides that "[i]f the same evidence used in the first prosecution is the sole evidence in the second, the prosecution of the second offense is barred." De Luca, 108 N.J. at 107. Defendant argues that a prosecution of the Union County charges would have to rely solely on the evidence of the first to prove the defendant's identity as the carjacker. Specifically, defendant claims Union County must depend on the Middlesex County evidence that he was removed from D.C.'s vehicle, defendant was in an accident with J.G., and defendant was in possession of the gun that was used to threaten D.C.

Defendant relies on dicta in De Luca, which provides that if the State's case for death by auto relied solely on evidence of intoxication to prove

---

"[a]ny person who knowingly has in his possession any handgun, including any antique handgun, without first having obtained a permit to carry the same . . . is guilty of a crime of the second degree" and with possession of a firearm for an unlawful purpose, requiring that "[a]ny person who has in his possession any firearm with a purpose to use it unlawfully against the person or property of another is guilty of a crime of the second degree." N.J.S.A. 2C:39-5(b); N.J.S.A. 2C:39-4(a).

recklessness, the second prosecution for driving while intoxicated would be barred for relying on the same proofs as the first case. Id. at 108. The Court in De Luca remanded the matter because, without the record of the death by auto trial, it was unable to ascertain whether intoxication was the sole evidence relied upon, or whether other evidence—such as lighting, weather, and road conditions—was considered. Id. at 108-09. If other evidence was used in the first prosecution, then the second prosecution would not be barred. Id. at 109.

Here, the State had other methods of proving the Union County offenses independent of the evidence used in the first prosecution, notably, the testimony of D.C. While the Middlesex evidence may have been referenced or relied upon, it was not the sole means of proving defendant's identity in the Union County offenses and, therefore, the second prosecution is not barred by the same-evidence test.

Neither the same-elements nor same-evidence test, used in the alternative to determine whether a second prosecution is being brought for the same offense as a preceding prosecution in violation of double jeopardy principles, barred the Union County prosecution. The elements of the offenses charged in Union and Middlesex Counties are plainly distinct; they do not involve the same elements. Applying Mills, there is no double jeopardy clause violation.

A-2768-17T3

We are mindful of the principle that an indictment should not be dismissed except "only on the clearest and plainest ground" and only if it is "manifestly deficient or palpably defective." State v. Twiggs, 233 N.J. 513, 531-32 (2018). We do not find that standard to have been met by defendant in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2768-17T3