**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4942-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN RICHARDSON,

     Defendant-Appellant.

_____

Submitted January 11, 2021 – Decided February 4, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-01-0167.

John Richardson, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Richardson appeals from the April 29, 2019 order of the Law Division denying his motion for a new trial on his 2001 convictions of first-degree murder and related offenses. We affirm.

I.

The following facts are derived from the record. In 1999, defendant was eighteen years old when he shot and killed Joseph Clair and shot and injured Terry Anderson. In 2001, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). He was sentenced to an aggregate term of thirty years of imprisonment, with a thirty-year period of parole ineligibility.

In 2004, we affirmed defendant's convictions and sentence. State v. Richardson, No. A-3667-01 (App. Div. Nov. 8, 2004). The Supreme Court denied certification. State v. Richardson, 182 N.J. 429 (2005). In 2009, we affirmed the Law Division's denial of defendant's petition for post-conviction relief. State v. Richardson, No. A-3521-07 (App. Div. Apr. 30, 2009). The Supreme Court denied review. State v. Richardson, 200 N.J. 549 (2009). In 2013, the United States District Court denied defendant's petition for a writ of

habeas corpus. <u>Richardson v. Ricci</u>, Civ. No. 10-4954 (KM) (D.N.J. Jul. 24, 2013).

On October 30, 2018, defendant filed in the Law Division what he described as a motion for a new trial based on "newly discovered evidence of underdeveloped brains in those who are late teens." According to defendant, "[t]here is significant evidence and a growing medical consensus that key areas of the brain relevant to decision-making and judgment continue to develop into the early twenties." He argues that if this science had been known at the time of his trial "he could have had the jury so instructed on the relevance of the science" to his proffered diminished capacity defense. Defendant contends that admission of this evidence would have changed the outcome of his trial because if presented with this evidence "no reasonable jury would have found defendant guilty of first[-]degree murder, but of a lesser offense."

Defendant did not include a copy of his trial court motion in his appendix. However, his appendix includes: (1) a copy of a February 2018 report to the House of Delegates of the American Bar Association urging the organization to oppose imposition of a death sentence on any person who was twenty-one or younger at the time of their offense; (2) a 2016 Fordham Law Review article entitled "Young Adulthood as a Transitional Legal Category: Science, Social

Change, and Justice Policy;" (3) a 2016 Temple Law Review article entitled "When Does a Juvenile Become an Adult?  Implications for Law and Policy[;]" and (4) the transcript of a 2017 evidentiary hearing in a federal district court matter in which defendant was not a party.  These documents identify scientific evidence relating to brain development in young adults.  It is not clear from the record whether the items in defendant's appendix were submitted to the trial court.

In its April 29, 2019 written opinion, the trial court described defendant's filing as an "application for resentencing pursuant to Miller v. Alabama, 5[6]7 U.S. 460 (2012); assignment of counsel, and grant of an evidentiary hearing for newly discovered evidence."  As the trial court noted, in Miller, the United States Supreme Court held that mandatory life without parole for those who were under eighteen at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments.  To satisfy the Constitution, a sentencing court must consider a juvenile offender's youth and attendant characteristics prior to imposition of sentence.  Id. at 476-77.  The trial court concluded that defendant did not fall under the holding in Miller because he was eighteen when he committed his offenses and because he was not sentenced to a mandatory life term without parole.

4

The trial court denied defendant's request for a new trial because it was not supported by a certification or affidavit detailing the evidence on which he intended to rely. In addition, the court found that any evidence with respect to defendant's brain development as a young man would be speculative, given that he was thirty-seven at the time the court decided the motion. The court noted that the jury considered evidence of defendant's purported diminished capacity, which it rejected, and that the original trial court considered defendant's age at sentencing. The court summarily denied defendant's request for the appointment of counsel. An April 29, 2019 order memorializes the court's decision.

This appeal follows. Defendant raises the following argument for our consideration.

> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE OF BRAIN SCIENCE FOR LATE ADOLESCENCE AS A CLASS OF OFFENDERS HAVING LESS CULPABILITY COMPARED TO MATURE ADULTS PURSUANT TO N.J.S.A. 2C:1-2(B)(7), THEREFORE, THE ORDER SHOULD BE REVERSED AND THE MATTER SHOULD BE REMANDED FOR CONSIDERATION OF THE DEFENDANT'S CLAIMS.

A-4942-18T2

II.

Defendant argues that the trial court misconstrued his motion as one seeking resentencing. He concedes that the holding in Miller does not apply to him because he was eighteen at the time of his offenses and because he was not sentenced to a mandatory life term without parole. He argues instead that he is entitled to a new trial because newly discovered evidence regarding brain development in people age eighteen to twenty-one, evidence similar to that which lead to the holding in Miller and related cases, suggests he could not have formed the necessary mens rea for first-degree murder.

"The trial judge on defendant's motion may grant the defendant a new trial if required in the interest of justice." R. 3:20-1. Motions for a new trial are "addressed to the sound discretion of the trial judge" and "shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law." State v. Armour, 446 N.J. Super. 295, 305-06 (App. Div. 2016) (quotations omitted). We review trial court decisions denying a motion for a new trial for an abuse of discretion. Id. at 306. Questions of law are reviewed de novo. State v. Miles, 229 N.J. 83, 90 (2017).

"[T]o qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or

6

impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Carter, 85 N.J. 300, 314 (1981). "All three tests must be met before the evidence can be said to justify a new trial." Ibid.

Defendant's argument must be examined in the context of recent legal developments concerning juvenile offenders. The United States Supreme Court has established, through a series of decisions issued between 2005 and 2016, that juveniles are developmentally different from adults and individualized consideration of these differences is necessary prior to imposing the harshest punishments available under law. See e.g., Roper v. Simmons, 543 U.S. 551, 578 (2005) (holding that imposing the death penalty on defendants convicted as juveniles violates the Eighth Amendment); Graham v. Florida, 560 U.S. 48, 82 (2010) (holding that imposing life term without parole on juveniles convicted of non-homicide offenses is unconstitutional); and Miller, 567 U.S. at 465 (holding that mandatory life term without parole for juveniles convicted of homicide is unconstitutional). The Court's holdings in each of these cases were predicated on "scientific and sociological notions about the unique characteristics of youth

A-4942-18T2

and the progressive emotional and behavioral development of juveniles." State in Interest of C.K., 233 N.J. 44, 68 (2018).

In State v. Zuber, 227 N.J. 422, 446-47 (2017), our Supreme Court held that "Miller's command that a sentencing judge 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison,' applies with equal strength to a sentence that is the practical equivalent of life without parole." (quoting Miller, 567 U.S. at 480) (citation omitted).

Defendant argues that the scientific evidence that underpins the holding in these precedents has advanced to include the development of post-adolescent brains. He contends that he is entitled to a new trial in which he is able to present evidence of delayed brain development in eighteen-year-olds, as he was at the time of his offenses, to establish his lack of culpability for first-degree murder.

Our careful review of the record reveals no abuse of the trial court's discretion. Defendant has not provided a precise description of the evidence he intends to introduce at a new trial. The record does not clearly identify what defendant presented to the trial court in support of his motion. The documents in defendant's appendix, assuming they were submitted with his motion, detail a number of scientific studies and other evidence from a variety of sources.

A-4942-18T2

Defendant does not explain which, if any, of the experts identified in those sources would serve as witnesses at his trial or whether their opinions would apply to defendant's circumstances.

In addition, the sources in defendant's appendix date from around the time the Court issued its opinion in Zuber.  They contain evidence similar to that on which the Court relied to reach its holding in that case.  Yet, there is no indication in Zuber, or the precedents on which the Court relied, that the constitutional protections established in recent precedents apply to defendants who commit offenses after they have reached the age of majority.  See United States v. Marshall, 736 F.3d 492, 600 (6th Cir. 2013) (noting that, for Eighth Amendment purposes, an individual's eighteenth birthday marks the bright line separating juveniles from adults; "In short, Marshall is at the very most an immature adult.  An immature adult is not a juvenile.  Regardless of the source of the immaturity, an immature adult is still an adult.").

Nor do Miller, Zuber, or the precedents on which they rely suggest a constitutional right for an adult defendant to introduce evidence of scientific studies of brain development to negate mens rea.  Those precedents concern sentencing, in particular life sentences and their equivalent, which defendant is not serving, and not proofs relating to the elements of the crimes charged.

Finally, as the trial court noted, defendant had an opportunity at trial to present evidence that he did not form the requisite mens rea for first-degree murder. The jury found otherwise. He has made no convincing argument that the verdict would have been different had he presented scientific evidence of the type he describes in general terms as warranting a new trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4942-18T2