**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-00001-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DEBRA A. AQUILINA, a/k/a
DEBRA LUDVIK, DEBRA
SAKEVICH, DEBRA VITARO,
and DEBRA AQYUKUBA,

     Defendant-Appellant.

_____

Submitted February 15, 2022 – Decided February 28, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 05-10-1857.

Debra A. Aquilina, appellant pro se.

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Debra A. Aquilina, appeals the March 9, 2021 order denying her motion for a new trial. She argues that new scientific evidence exculpates her and warrants a new trial. We reject her argument and for the reasons set forth below, we affirm.

In 2009 defendant was convicted of first-degree murder of her husband, Ralph Ludvik, Jr., conspiracy to commit murder, third-degree drug offenses, and third-degree hindering apprehension. We remanded for the merger of the two drug-offenses, but otherwise affirmed her conviction and sentence. State v. Aquilina (Aquilina I), No. A-0656-09 (App. Div. Jan. 19, 2012), certif. denied, 210 N.J. 479 (2012). We affirmed the denial of defendant's first petition for post-conviction relief in State v. Aquilina (Aquilina II), No. A-2184-14 (App. Div. Oct. 4, 2016), certif. denied, 228 N.J. 474 (2017). Defendant filed two additional petitions for post-conviction relief and a motion for reconsideration of her sentence, all of which were denied.

On February 28, 2020, defendant filed a motion for a new trial on the basis of newly discovered evidence. The trial court denied the motion and this appeal ensued.

The facts underlying defendant's conviction are set forth in our previous opinions and need not be repeated here.

A-0001-20

We review a motion for a new trial decision for an abuse of discretion. State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020), certif. denied, 246 N.J. 50 (2021), and recons. denied, 249 N.J. 60 (2021). Questions of law are reviewed de novo. Ibid. (citing State v. Miles, 229 N.J. 83, 90 (2017)).

Defendant argues that the trial court erred in denying her motion for a new trial on the basis of newly discovered evidence. Rule 3:20 provides that a motion for a new trial may be granted "if required in the interest of justice." R. 3:20-1. Generally, a motion for a new trial must "be made within 10 days [of] the verdict or finding of guilty." R. 3:20-2. However, "[a] motion for a new trial based on the ground of newly-discovered evidence may be made at any time . . . ." Ibid.

The trial court's order specified that "defendant . . . failed to establish a factual basis to except [her] motion from the general time limitations required by R. 3:20-2." It provided a brief statement of reasons that listed Rule 3:20-2 without more. Ibid. Based on this, it is difficult to discern whether the court denied her motion on timeliness grounds, or because her new evidence did not meet the criteria to justify a new trial. Bearing in mind that we review orders and not opinions, Hayes v. Delamotte, 231 N.J. 373, 387 (2018), we affirm,

3                                                          A-0001-20

because the trial court arrived at what we agree was the correct disposition of defendant's attempt to relitigate her case.

"[T]o qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." Fortin, 464 N.J. Super. at 216 (citing State v. Carter, 85 N.J. 300, 314 (1981)). "All three [prongs of the] test[ ] must be met before the evidence can be said to justify a new trial." Ibid. (citing Carter, 85 N.J. at 314) (alterations in original). "The defendant has the burden to establish each prong is met." Ibid. (citing State v. Smith, 29 N.J. 561, 573 (1959)).

Here, defendant argues that she's entitled to a new trial based on the evidence that "a person can snort themselves to death." Defendant discovered this new evidence in early 2019 when she happened upon the book "'Dangerous Drugs' A Hazeldon Guide Book, 2nd Edition" in the prison library. She also asserts that this evidence is further supported by "information from the Internet," forwarded to her by "others free in society" including research from the American Addiction Center and Addictionblog.org.

4

She argues that this new evidence reveals a "relatively new route of heroin administration [that] involves squirting or dripping heroin that has been dissolved in water up the nose" from a bottle or barrel of a syringe. A "change in the usual route of heroin administration from injection to snorting" sparked by the "growing awareness of the dangers of HIV and hepatitis" and commonly "known in Texas as 'shebanging'."

Defendant alleges, among other things, that this method of heroin consumption was not considered in her trial and constitutes newly discovered evidence that "can exculpate [her] scientifically." We disagree.

"[P]rong two of the Carter test recognizes that judgments must be accorded a degree of finality and, therefore, requires that the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." State v. Ways, 180 N.J. 171, 192 (2004) (citing Carter, 85 N.J. at 314). This prong encourages defendants and attorneys "to act with reasonable dispatch in searching for evidence before the start of the trial." Ibid.

After applying this prong of Carter to defendant's claims, we are not persuaded that her "new" evidence meets the requisite criteria because not only was it discoverable at the time of trial, the evidence was also introduced during

the toxicologist's testimony. The book which defendant relies upon was published in 2003, several years before the start of her 2008 trial. Moreover, the toxicologist, Dr. Seik, was specifically questioned at trial on direct examination about his familiarity with "someone being able to snort themselves to death."

Defendant attempts to discredit Dr. Seik's testimony as outdated compared to the "Dangerous Drugs" book because he explained the risks associated with snorting powdered heroin but did not explore the possibility that the victim "shebanged" it. She also asserts that her attorney's failure to call expert witness, Dr. Taff, "limit[ed] the information that [she] could have learned at trial . . . about the snorting and its . . . fatal effect via overdose."

These contentions undermine defendant's theory in that they demonstrate that information about "shebanging" was knowable at the time of trial. Defendant's premise is further weakened by testimony from the medical examiner, Dr. Singh, confirming the victim's nostrils were free of any residue consistent with inhaling cocaine or heroin. We note defendant's argument for failing to call Dr. Taff as a witness was previously rejected by this court in Aquilina II. Finally, if we accept the remote possibility that the victim ingested

A-0001-20

the drug nasally instead of intravenously, this fact wouldn't alter defendant's culpability for providing him with the lethal dose of heroin.

Because all three prongs must be satisfied, <u>Ways</u>, 180 N.J. at 187, we needn't address the materiality of this evidence or its probability of changing the jury's verdict. Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0001-20