**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0065-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LIONELL G. MILLER,

    Defendant-Appellant.

_____

> Submitted February 12, 2024 – Decided July 15, 2024
>
> Before Judges DeAlmeida, Berdote Byrne, and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 95-01-0128.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Susan L. Romeo, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lionell G. Miller appeals from the June 30, 2021 order denying his motion for a new trial based on newly discovered evidence. We reject his argument and for the reasons set forth below, we affirm.

I.

In January 1995, a Passaic County grand jury returned an indictment, charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (a)(2), and N.J.S.A. 2C:2-6 (count one); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) and N.J.S.A. 2C:2-6 (count two); three counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1) and/or N.J.S.A. 2C:15-1(a)(2) and N.J.S.A. 2C:2-6 (counts three, six, and nine); eight counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) and N.J.S.A. 2C:2-6 (counts four, five, seven, eight, ten, eleven, fourteen, and fifteen); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and N.J.S.A. 2C:2-6 (count twelve); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) and N.J.S.A. 2C:2-6 (count thirteen); two counts of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-59(b), N.J.S.A. 2C:39-5(c)(1) and N.J.S.A. 2C:2-6 (counts sixteen and seventeen); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) and N.J.S.A. 2C:2-6 (count eighteen), and tampering with a witness, N.J.S.A. 2C:28-5(a)(2) (count nineteen). Codefendants Lamont Townes and Jerry

Clyburn were also charged in counts one through eighteen, and Townes was separately charged with certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count twenty).

Defendant was tried separately and convicted of felony murder, first-degree robbery, second-degree aggravated assault, and related weapons offenses. On the felony murder conviction, defendant was sentenced to life in prison with a thirty-year parole ineligibility period as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2, which merged with the first-degree robbery and second-degree possession of a weapon for an unlawful purpose conviction. The convictions for second-degree aggravated assault and the second-degree possession of a weapon for an unlawful purpose were merged, and defendant was sentenced to ten years in prison with a five-year parole ineligibility period to run concurrent with his life sentence. As to the third-degree unlawful possession of a weapon conviction, defendant was sentenced to five years in prison with a two-year parole ineligibility period to run concurrent with his life sentence.

The facts underlying defendant's conviction are set forth in our previous opinions and need not be repeated here. We affirmed defendant's conviction and sentence. State v. Miller, No. A-4184-96 (App. Div. Apr. 7, 1999), certif.

denied, 161 N.J. 331 (1999). We affirmed the denial of defendant's first petition for post-conviction relief (PCR). State v. Miller, No. A-0399-01 (App. Div. Feb. 20, 2003). Defendant filed an amended PCR petition, which was also denied. State v. Miller, No. A-5890-05 (App. Div. Dec. 28, 2007).

Nine years later, in April 2016, defendant filed a self-represented motion for a new trial based on newly discovered evidence. Defendant re-filed the motion in February 2019, and it was fully briefed by January 2020.

Oral argument was held after numerous adjournments. After oral argument on June 30, 2021, in an oral opinion, the trial court denied defendant's motion for a new trial. Citing State v. Carter, 85 N.J. 300 (1981), the court found defendant failed to satisfy the three-prong test for a new trial. The court analyzed and considered defendant's proofs: an October 2019 handwritten letter from Otis Clyburn stating that his June 2013 notarized affidavit recanting his October 1994 statement to a Paterson detective was false; (2) a July 2009 handwritten letter from Sabrina Simmons recanting her 1994 statement claiming defendant did not confess to her, Eugene Clyburn gave a statement to police based on his perception of the events and conversations with defendant, and she signed the statement after speaking with detectives; and (3) an affidavit signed in July 2009 by Miguel Vega that restated he witnessed the shooting in October

4

1994 but clarified he was unable to identify the driver's gender and the second shooter.

The court reasoned that Clyburn's and Simmons's "unsworn letter[s]" were produced nearly thirteen years after the trial, which "add[ed] to their lack of veracity."  The court also found that neither document "exculpated defendant" nor "casted doubt" on their trial testimony.  Moreover, the court concluded defendant did not show the three statements would have changed the jury's verdict.  Finally, Vega's affidavit was considered and rejected in defendant's PCR petition.  This appeal ensured.

## II.

We review a motion for a new trial decision for an abuse of discretion.  State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020).  Questions of law are reviewed de novo.  Ibid. (citing State v. Miles, 229 N.J. 83, 90 (2017)).

"[T]o qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted."  Fortin, 464 N.J. Super. at 216 (citing Carter, 85 N.J. at 314).  "All three [prongs of the] test[ ] must be met

before the evidence can be said to justify a new trial." Ibid. (citing Carter, 85 N.J. at 314) (alterations in original). "The defendant has the burden to establish each prong is met." Ibid. (citing State v. Smith, 29 N.J. 561, 573 (1959)).

Defendant argues the trial court abused its discretion in denying the motion for a new trial without an evidentiary hearing. He further argues the court failed to apply the appropriate legal principles and failed to consider the new evidence in the light most favorable to defendant. Lastly, he posits the court did not provide a substantive basis for its reasoning in denying defendant's application. We reject defendant's contentions.

Defendant incorrectly relies on Rule 3:22-10(b) governing petitions for post-conviction relief. In that regard, we focus on the second prong of the Carter test that recognizes "judgments must be accorded a degree of finality and, therefore, requires that the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." State v. Ways, 180 N.J. 171, 192 (2004) (citing Carter, 85 N.J. at 314). This prong encourages defendants and attorneys "to act with reasonable dispatch in searching for evidence before the start of the trial." Ibid.

After applying the second prong of <u>Carter</u> to defendant's claims, we are not persuaded that the three statements constitute "new" evidence to satisfy the requisite criteria. The State offered the testimony of Clyburn and Simmons at trial. Both witnesses were subject to cross-examination at trial by defense counsel concerning defendant's statements and actions after the shooting. Furthermore, Vega's identity was known to both the State and defendant at the time of trial and was addressed and considered in defendant's PCR petition.

In other words, defendant's contentions are unconvincing and undermine his theory that the affidavits present new information unknown at the time of trial. Defendant's premise is further weakened by the significant passage of time, as stated by the motion judge. We also add that Vega could have been called as a witness at trial, and defense counsel's failure to do so was previously rejected as grounds for PCR by this court.

As previously noted, all three prongs must be satisfied. <u>Ways</u>, 180 N.J. at 187. We, therefore, need not address the materiality of this evidence or its probability of changing the jury's verdict.

Defendant's remaining arguments regarding the motion judge's denial of his request for an adjournment of the motion and the alleged technical

A-0065-21

difficulties during the Zoom hearing lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0065-21